# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2450EM
_____

Parveen Ahmed,                          *
                                        *
            Appellant,                  *   On Appeal from the United
                                        *   States District Court
      v.                                *   for the Eastern District
                                        *   of Missouri.
American Red Cross,                     *
                                        *
            Appellee.                   *

_____

Submitted:  May 12, 2000

Filed:  July 31, 2000
_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.

In March of 1997, the American Red Cross Missouri-Illinois Blood Services Region discharged Dr. Parveen Ahmed. Dr. Ahmed claims that (1) the defendant terminated her because of her race, religion, national origin, and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, and (2) the defendant retaliated against her for filing an earlier discrimination

charge, in violation of Title VII. The District Court[1] granted the defendant's motion for summary judgment. We affirm.

The plaintiff lost her job when the defendant underwent a reduction in force. As is appropriate in a reduction-in-force case, in addition to the three normally required elements of the Title VII or § 1981 prima facie case, the District Court required plaintiff to demonstrate some additional evidence that race, national origin, religion, or gender operated in her termination. Herrero v. St. Louis Hospital, 109 F.3d 481, 483-84 (8th Cir. 1997). The District Court held that the plaintiff had not produced any such evidence. We agree. Dr. Ahmed's evidence amounts to nothing more than a critique of the defendant's business judgment in accomplishing its reduction in force. Although she criticizes the decision-making process as ambiguous and unclear, she offers no proof that the evaluation was influenced by prohibited criteria.

We also agree with the District Court that Dr. Ahmed cannot demonstrate a connection between her participation in a statutorily protected activity and an adverse employment action. Dr. Ahmed filed an EEOC complaint in 1993, and she was discharged in March of 1997. The extended time period between these two events, and the fact that the supervisor who ultimately discharged Dr. Ahmed was not a Red Cross employee when she made her initial EEOC complaint, suggests that the two events are not related. In response, Dr. Ahmed has not offered any evidence by which a reasonable trier of fact could conclude that there was a connection between the two events. Accordingly, her retaliation claim fails.

For these reasons, the judgment of the District Court is affirmed.

---

[1]The Hon. Rodney W. Sippel, United States District Judge for the Eastern and Western Districts of Missouri.

A true copy.

Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.